OSVALDA GONZÁLEZ MARTÍNEZ, demandante y recurrida, *v.* CLAUDIO LÓPEZ, demandado y recurrente.

*Número:* RE-86-386      *Resuelto:* 7 de enero de 1987

*Manuel Cruz Soto,* abogado del recurrente; *Eric Milán Muñiz,* abogado de la recurrida.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del Tribunal.

Nos toca emitir criterios sobre la interacción entre el derecho de expresión de un candidato a un puesto político, y el derecho a instar acción de libelo de una tercera persona afectada por los ataques difamatorios de dicho candidato.

En *Clavell* v. *El Vocero de P.R.,* 115 D.P.R. 685, 690–691 (1984) señalamos que:

> Dos preceptos constitucionales de nuestro ordenamiento jurídico enmarcan el derecho de difamación: la cláusula del Art. II, Sec. 4 que dispone que "[n]o se aprobará ley alguna que restrinja la libertad de palabra o de prensa . . ." y la disposición del Art. II, Sec. 8 al efecto que "[t]oda persona tiene derecho a protección de ley contra ataques abusivos a su honra, a su reputación y a su vida privada o familiar". . . . La legislación no es indispensable como condición al ejercicio de estos derechos. . . .

> En varias circunstancias los valores encarnados en estas disposiciones constitucionales confligen. Los casos de difamación plantean esencialmente la necesidad de determinar el peso respectivo del interés en una ciudadanía debidamente informada, en fomentar el debate vigoroso sobre cuestiones de interés público, de un lado, y el derecho a la intimidad, del otro. (Citas y escolios omitidos.)

En acciones basadas en libelo, aparte de probar que la información difamatoria sea falsa y que se causen daños reales, existen dos posibilidades respecto a la clasificación de la persona afectada: que sea una figura privada o pública. Bajo la primera, para que la acción prospere basta con que el afectado establezca la negligencia del autor del escrito o manifestación, según elaborado en el campo del derecho de daños y

perjuicios. Sin embargo respecto a la segunda es necesario demostrar malicia real. *Oliveras* v. *Paniagua Diez*, 115 D.P.R. 257, 262 (1984).

■ En aquellas situaciones fácticas que están bajo el resguardo de la libertad de expresión y la persona afectada es figura pública, es necesario demostrar la existencia de malicia real y grave menosprecio de la verdad. *Oliveras* v. *Paniagua Diez*, supra, págs. 268–269.

■ En *Soc. de Gananciales* v. *López*, 116 D.P.R. 112 (1985), señalamos que para determinar si la persona afectada por las manifestaciones alegadamente libelosas es una figura pública, hemos seguido un enfoque funcional. Resolvimos que bajo las circunstancias allí presentes el interés en el libre flujo de información sobre el proceder de un empleado de tan crítica importancia —un policía— claramente prevalece sobre otras consideraciones, con el freno que representa la doctrina de malicia real.[1]

Claudio López fue candidato a Alcalde de Aguada por el Partido Popular Democrático (P.P.D.) en las pasadas elecciones. El 30 de septiembre de 1984, dijo en un programa televisado lo siguiente:

> . . . Si fuéramos a debatir sobre su obra de gobierno el señor alcalde tendría que empezar por darme los planos de su casa para yo írmelos aprendiendo porque eso es obra de su gobierno. El señor Alcalde de Aguada me tendría que dar los planos de la casa de su mamá en la Calle San Narciso porque eso es obra de su gobierno. El señor alcalde me tendría que dar los planos de tres cuerdas de terreno que tiene en Miami porque es parte de su obra de gobierno.

La señora madre del alcalde, Osvalda González Martínez, demandó al señor López por libelo. En el juicio, demostró que

---

[1] Al igual que en *Oliveras* v. *Paniagua Diez*, 115 D.P.R. 257 (1984), y *Soc. de Gananciales* v. *López*, 116 D.P.R. 112 (1985), en el caso ante nos está envuelto el derecho de expresión del demandado.

ella compró su casa con los ahorros de toda una vida de trabajo. Por causa de las manifestaciones del señor López, la señora González Martínez fue objeto de bromas pesadas, imputaciones de corrupción, y dudas acerca de su honradez. Ella se sintió grandemente herida, molesta y avergonzada, ante una imputación falsa.

El tribunal de instancia determinó que el demandado recurrente aceptó no haber realizado investigación alguna sobre la procedencia del dinero con que la demandante adquirió su hogar antes de hacer los comentarios, aunque bien pudo investigar todo lo concerniente a los hechos. Admitió además que con posterioridad a las susodichas manifestaciones investigó el asunto y constató que la mencionada casa no es propiedad del alcalde, sino de la demandante-recurrida. No hay controversia sobre el hecho de que la demandante-recurrida es ama de casa, madre del Alcalde de Aguada, quien es candidato a reelección en noviembre de 1984; que nunca ha participado en política partidista, con la excepción de haber asistido a algunas caravanas y actos públicos como espectadora.

De conformidad con los hechos expuestos y estimados probados, se concluyó que el demandado fue negligente al no ejercer el cuidado y la diligencia necesaria. Se declaró con lugar la acción ·por daños y perjuicios, al amparo del Art. 1802 del Código Civil, 31 L.P.R.A. sec. 5141, y condenó al recurrente a pagar $3,000 por los daños sufridos por la demandante, $500 en honorarios de abogado, más las costas y gastos del pleito.

En su solicitud el demandado hace los siguientes planteamientos:

(1) Que erró el tribunal al concluir que la demandante tenía capacidad jurídica para demandar.

(2) Que erró el tribunal al concluir que él difamó a la demandante.

(3) Que fue errónea la determinación de que él le ocasionó daños a la madre del alcalde, sin que éste presentara prueba al efecto, y

(4) No fue temerario.

La demandante-recurrida presentó su oposición a la solicitud, por lo que procedemos a resolver.

Antes que nada debemos establecer si la señora González es figura pública o privada, pues ello determinará el análisis a seguir.

█ En nuestras decisiones hemos señalado los rasgos peculiares de la figura pública. *Soc. de Gananciales* v. *López*, supra; *Clavell* v. *El Vocero de P.R.*, supra; *Oliveras* v. *Paniagua Diez*, supra; *Pueblo* v. *Olivero Rodríguez*, 112 D.P.R. 369 (1982); *García Cruz* v. *El Mundo, Inc.*, 108 D.P.R. 174 (1978); *Torres Silva* v. *El Mundo, Inc.*, 106 D.P.R. 415 (1977). Los elementos integrantes que deben concurrir para adquirir tal condición son: " '. . . 1) especial prominencia en los asuntos de la sociedad, 2) capacidad para ejercer influencia y persuasión en la discusión de asuntos de interés público y 3) participación activa en la discusión de controversias públicas específicas con el propósito de inclinar la balanza en la resolución de las cuestiones envueltas'." (Citas omitidas.) *Oliveras* v. *Paniagua Diez*, supra, pág. 263.

█ El Tribunal Supremo federal en *Gertz* v. *Robert Welch, Inc.*, 418 U.S. 323, 345 (1974), reconoció varios tipos de figura pública: la persona que por su posición oficial, su poder o su señalado envolvimiento en los asuntos públicos, ha alcanzado fama o notoriedad en la comunidad; la persona que voluntariamente participa en una contienda o controversia pública, y la persona que involuntariamente se convierte en personaje público. Se conocen otras modalidades como persona acusada de delito, criminales y personas asociadas con figuras públicas. *Emerson, Haber & Dorsen's, Political and*

*Civil Rights in the United States*, 4ta ed., Boston, Little, Brown & Co., 1976, Vol. I, Cap. VII, págs. 691–692.

■ Se ha sostenido que el hecho de una persona estar casada con una figura pública puede ser suficiente para convertirla o clasificarla como figura pública. *Estate of Hemingway* v. *Random House, Inc.*, 23 N.Y.2d 341, 244 N.E.2d 250 (1968).

■ ¿Puede afirmarse que la recurrida, señora González, es una figura pública conforme a los criterios apuntados? Ella es un ama de casa, que nunca ha participado en política. Ciertamente puede ser que sea conocida en algunos sectores de su comunidad por razón de ser la progenitora de un candidato a un puesto público, pero ello no le otorga una prominencia y notoriedad en la vida puertorriqueña que la convierta en figura pública. Bajo las circunstancias específicas aquí presentes la demandante-recurrida es, por tanto, una figura privada. En nuestro ambiente altamente politizado, extender a los familiares cercanos, sin más criterio que el parentezco, las exigencias jurisprudenciales de probar malicia, resulta sumamente perjudicial. Extender esos requisitos a la situación de autos, conllevaría abrir las puertas a ataques continuos de naturaleza libelosa, difamatoria y de mal gusto, contra personas ajenas a la controversia partidista, de parte de políticos inescrupulosos. El hecho de que un pariente cercano se lance al ruedo político, no quiere decir que sus familiares hayan sido despojados de protección contra ataques a su honra y dignidad y buena reputación.

■ En consecuencia, en una acción por daños y perjuicios donde el reclamante es figura privada y el demandado es ajeno al medio noticioso y está presente el ejercicio de la libertad de expresión, para que la acción prospere el primero debe demostrar la existencia de negligencia conforme a lo establecido en el Art. 1802.

■ La recurrida cumplió con el peso de la prueba de "establecer que las imputaciones eran falsas", *Philadelphia Newspapers, Inc.* v. *Hepps*, 89 L. Ed.2d 783, 787 (1986). Bajo las circunstancias específicas de este caso, por ser las actuaciones de los candidatos electorales de interés público (*public concern*), aplicamos este requisito. *Quaere*, cual es el peso de prueba cuando la parte ofendida es una figura privada y la expresión no versa sobre una cuestión de interés público. (²)

Está claro que el demandante-recurrente fue negligente al no investigar sobre el asunto antes de hacer sus manifestaciones. Con un poco de diligencia hubiera sabido la falsedad del asunto sobre el cual iba a hablar en su discurso. Véase que él admitió que luego de investigar comprobó la falsedad de sus expresiones.

No erró el tribunal de instancia en sus determinaciones. La demandante posee capacidad jurídica para instar su acción, pues la conducta del demandado la perjudicó directamente. A ella fue que se le imputó que había adquirido su casa con fondos públicos.

■ Los honorarios de abogado están justificados, ya que la conducta del recurrente ha sido temeraria al negar lo innegable.

*Se dictará sentencia que expida el auto y confirme la sentencia recurrida.*

---

(²) Tampoco es necesario resolver qué derecho tenía el hijo de la demandante por los ataques directos que se le hicieron.