**Benjamin ORTIZ ALGARIN, et als., Plaintiffs,**

v.

**FEDERAL EXPRESS CORP., Defendant.**

**No. Civ. 98–2181(GG).**

United States District Court, D. Puerto Rico.

July 19, 1999.

---

Carlos Lopez de Azua, San Juan, PR, for plaintiff.

James D. Noel III, McConnell Valdes, San Juan, PR, for defendant.

## OPINION AND ORDER

GIERBOLINI, Senior District Judge.

Pending before us is defendant Federal Express' Motion for Partial Dismissal of the cause of action of "compelled self-publication" defamation. (Docket entry # 43). Obviously, plaintiffs oppose. (Docket entry # 62).

## BACKGROUND

This case is before us pursuant to the diversity of citizenship statute. 28 U.S.C. § 1332. This is a civil action filed by Mr. Benjamín Ortiz and his wife, Zelideth Rivera, to recover the personal and economic damages allegedly inflicted by Ortiz' former employer, Federal Express Corp. (FedEx), as result of the tortious manner in which FedEx handled all aspects of the investigation performed in relation to a theft in its premises on February 23, 1998. During the course of said investigation, FedEx allegedly violated Ortiz' privacy rights, as well as other constitutionally guaranteed rights, wrongfully charged him with said theft, dismissed him without cause and defamed him. Both Ortiz and his wife claim pain and suffering and loss of wages and fringe benefits. In addition, Ortiz claims injuries to his reputation and equitable remedies.

Among the defamation claims, plaintiffs assert that in every occasion that Ortiz has applied for employment after being terminated from FedEx, he has been compelled or required to state that he was dismissed on charges of theft. Also, that the prospective employers who have received such compelled response have rejected Ortiz, thus he has been unable to obtain comparable employment. On the same vein, Ortiz claims that he was compelled to divulge to his wife the reasons for his dismissal from employment which caused him great pain and suffering. Consequently, Ortiz claims that FedEx is liable for the injuries that such defamatory compelled publica-

tions, imputable to FedEx, have caused him. Defendant's motion for partial dismissal seeks to eliminate the above described cause of action, better known as "compelled self-publication" defamation.

In support of its request, defendant argues that the theory of a "compelled self-publication" has not been adopted by the Puerto Rico Supreme Court, that it should not be adopted because it would represent the antithesis of Law No. 80 of May 30, 1976, as amended, 29 L.P.R.A. § 185a, and will conflict with the qualified privilege applicable to defamation claims in the employer-employee scenario. On the contrary, plaintiffs claim that the relevant allegations in the complaint state facts upon which relief may be granted by applying the elements of Article 1802 and without the need to rely on the adoption of any new rule or doctrine.

## FAILURE TO STATE A CLAIM

In considering defendant's motion to dismiss under Fed.R.Civ.P. 12(b)(6), we must accept all material factual allegations as true and make all reasonable inferences in favor of plaintiffs. *Breton v. Travelers Ins. Co.,* 147 F.3d 58 (1st Cir.1998); *Coyne v. City of Somerville,* 972 F.2d 440, 442–43 (1st Cir.1992); *The Dartmouth Review v. Dartmouth College,* 889 F.2d 13, 16 (1st Cir.1989) (citing *McDonald v. Santa Fe Trail Transp. Co.,* 427 U.S. 273, 276, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976)). If under any theory, plaintiff's allegations are sufficient to state a cause of action in accordance with the law, we must deny the motion to dismiss. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Beddall v. State Street Bank and Trust Co.,* 137 F.3d 12, 16 (1st Cir.1998); *Vartanian v. Monsanto Co.,* 14 F.3d 697, 700 (1st Cir.1994). However, to withstand the challenge, the complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable legal theory". *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 515 (1st Cir.1988). Failure to make sufficient allegations supporting a claim warrants the dismissal of the complaint. *Conley,* at 45–48, 78 S.Ct. 99.

It has long been established in Puerto Rico that a libel lawsuit between private persons is governed by the Libel and Slander Law of February 19, 1902, 32 L.P.R.A. § 3141, *et. seq.,* and Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141. *Acevedo Santiago v. Western Digital,* —— D.P.R. —— (1996), 96 J.T.S. 42, p. 878; *Ojeda v. El Vocero,* 139 D.P.R. —— (1994); 94 J.T.S. 131. As a tort action, one of the essential elements of the cause of action is a negligent act or omission. In the context of defamation claims, the negligent act is the publication of a false or defamatory statement. **See,** *Gonzalez Martinez v. Lopez,* 118 D.P.R. 190, 192, 1987 WL 448359 (1987); *Torres Silva v. El Mundo, Inc.,* 106 D.P.R. 415, 427, 1977 WL 50788 (1977).

"The publication element takes place when the defamatory statement is communicated to a third person, that is, someone other than the person defamed." *Porto v. Bentley of Puerto Rico, Inc.,* 132 D.P.R. 331, 346–47 (1992). "Within the employer-employee context, any 'external' communication of defamatory information by the company to someone other than the affected employee will automatically satisfy the publication requirement." *Id.,* at 348 *(internal citation omitted).* Ordinarily, the element of publication is not present when the injured party communicates the defamatory statement him or herself to third persons. *Id., Vargas v. Royal Bank of Canada,* 604 F.Supp. 1036, 1044 (D.P.R.1985). An exception to this rule has arisen in the labor law field. It is known as the "compelled self-publication" doctrine. Under this emerging and controversial new theory of liability, a discharged employee is allowed to meet the publication requirement "if when seeking a new job he somehow must reveal or repeat the reason for his discharge (which contains defamatory information) to his prospective employer" and if the former em-

ployer could foresee such communication. *Porto,* at 347 n. 14.

■ Even though the Puerto Rico Supreme Court is well aware of the existence of this doctrine in some jurisdictions, it has never had the opportunity to determine whether the same will be adopted in Puerto Rico. *Id.* Therefore, in the instant case, although the complaint sets forth factual allegations stating a cause of action under the doctrine of "compelled self-publication" defamation, the problem is that plaintiffs' are asserting a cause of action that has never been adopted in this jurisdiction.

In view of this, and to dispose of the instant partial motion to dismiss, we must face the challenge of determining whether *vel non* the doctrine of "compelled self-publication" should be adopted and applied in this case. After a thorough and careful analysis of the decisions in *Porto, supra,* and *Western Digital, supra,* the course the Puerto Rico Supreme Court would take in this matter is reasonably clear, as we further explain.

In *Porto,* the court acknowledged that "[t]he discharge of an employee is a legitimate event within an employer's scope of authority. Consequently, in the sound operation of a business or company, there is a legitimate interest in keeping those persons with a right to know informed of the reasons behind an employee's discharge." *Porto,* at 356. Confronted with this and the need to promote the free flow of information in the employment context, the court shielded certain communications in the workplace with the mantle of a qualified immunity. **See,** *Porto,* at 354. **See also,** *Vargas* at 1044. Among the privileged communications so protected are those from an employer to managers or supervisors of a discharged employee; to prospective employers informing the reasons for the discharge of an employee; statements made in an employee's performance evaluation; and providing references of an employee to potential employers. **See,** *Porto,* at 354–55.

On the same vein, the court held in *Acevedo v. Western Digital,* supra, that an employer is not liable merely for incorporating in the discharged employee's personnel file the dismissal letter, nor for it's potential diffusion. Even more important, the court stated that even if the dismissal letter was actually divulged to a potential employer, the communication would be covered by the qualified privilege recognized in *Porto.* **See,** *Western Digital,* at 879 (*our translation*).

In light of these clear precedents and the Puerto Rico Supreme Court's inclination towards shielding these type of workplace communications, we find that the doctrine of "compelled self-publication" should not be adopted in this jurisdiction. To hold otherwise will insufflate an ominous inconsistency. As previously explained, under the prevailing jurisprudence an employer is not liable for disclosing himself the reasons of the dismissal to a prospective employer who inquires about the matter. In contrast, under the doctrine of "compelled self-publication", that same employer may be liable for a publication not made by him but by the dismissed employee to a prospective employer when seeking new employment. Clearly, if we were to accept the doctrine, the employer would be found liable under circumstances in which ordinarily he would not be responsible. In short, the adoption of the doctrine will have the effect of abrogating the qualified immunity afforded to these privileged communications by the *Porto* court.

Additionally, it will "deter employers from communicating to the employee the true reasons for the dismissal, thereby fostering an unhealthy 'culture of silence' in the workplace, and thwarting the public interest in providing prospective employers with important information regarding the true reasons for the employee's discharge." **See,** J. Martin Acevedo, *The Emerging Cause of Action for Compelled Self-publication Defamation in the Employment Context: Should Connecticut Follow Suit,* 72 Conn.B.J. 297, 316 (August 1998). This chilling effect is at odds with

the Puerto Rico Supreme Court's policy to foster the free exchange of information in the employment scenario.

■ Regarding plaintiffs' assertion that the doctrine of "compelled self-publication" should also cover situations in which the dismissed employee is compelled to disclose the defamatory statement to his/her spouse, this theory has no place in this jurisdiction. In solving issues of whether certain publications are actionable or not, the Puerto Rico Supreme Court has consistently resorted to §§ 4 & 5 of the Libel and Slander Act of 1902. 32 L.P.R.A. §§ 3144–45. Following those footsteps, we find that, even if we were to accept the doctrine of "compelled self-publication", plaintiffs' allegation is not actionable because a publication made to an employee's relative within the third degree is privileged pursuant to § 5 of the Libel and Slander Law of 1902. **See,** 32 L.P.R.A. § 3145.

**WHEREFORE,** in light of all of the above, defendant's partial motion to dismiss is **GRANTED.** Accordingly, the cause of action for "compelled self-publication" defamation is **DISMISSED.** Partial judgment shall be entered in these terms. This case will continue as to the remaining issues and causes of action.

**SO ORDERED.**