Thomas P. BUDNICK, Plaintiff,

v.

BAYBANKS, INC., Beacon Management Company, and Ogden Allied Security Services, Inc., Defendants.

Civil Action No. 95–30045–MAP.

United States District Court, D. Massachusetts.

March 28, 1996.

Thomas P. Budnick, Ludlow, MA, pro se.

Richard J. Shea, Kathleen M. Lynch, Melick & Porter, Boston, MA, for Baybanks, Inc.

Chrisann Leal, Gallagher & Gallagher, P.C., Boston, MA, J. Peter Kelley, Gallagher & Gallagher, Boston, MA, for Beacon Management Company.

Jocelyn M. Sedney, Brody, Hardoon, Perkins & Kesten, Boston, MA, for Ogden Allied Security Services, Inc.

### MEMORANDUM REGARDING DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFF'S MOTIONS TO AMEND

(Docket Nos. 14, 15, 18, 21, 32)

PONSOR, District Judge.

### I. INTRODUCTION

All defendants—Baybanks, Inc., Beacon Management Company, and Ogden Allied Security Services, Inc.—have filed motions to dismiss this civil rights action on the ground that, even accepting plaintiff's allegations, they committed no act under color of state law. Also before the court are the motions to amend by the plaintiff, Thomas P. Budnick. For the following reasons, the court will allow the motions to dismiss and deny the motions to amend.

### II. FACTUAL HISTORY

The complaint was filed on March 3, 1995 by plaintiff Thomas P. Budnick ("Budnick") against defendants Baybanks, Inc. ("Baybanks"), Beacon Management Company ("Beacon"), and Ogden Allied Security Services, Inc. ("Ogden"). The plaintiff alleges, in essence, that he was falsely accused or suspected of bank robbery on November 18, 1994 while conducting business regarding his account at a Baybanks branch located at 175 Federal Street in Boston, Massachusetts. He claims that at about 8:30 a.m. he was confronted by Baybanks employees and subsequently pursued by a Beacon employee. Plaintiff, who was carrying a large amount of

cash, alleges that he then ran out of the bank and was chased by the Baybanks and Beacon employees.

Plaintiff claims that during the chase through Boston, an Ogden employee assaulted him. The episode came to an end, finally, when two Boston policemen spoke to plaintiff and recommended that he open an account in a different bank. Plaintiff took this advice, and took his deposit to the United States Trust. No arrest was ever made, and there is no allegation of any impropriety by the police officers.

### III. *PROCEDURAL HISTORY*

In the complaint, plaintiff offers a number of counts characterized as follows: (1) negligence; (2) breach of oral contract; (3) violation of M.G.L. ch. 93A, §§ 2, 9, 11; (4) attempted arrest and imprisonment in violation of his federal constitutional rights; (5) force, harassment, and intimidation; (6) assault and battery; and (7) constitutional negligence. After the commencement of this action on March 3, 1995, defendants Ogden, Beacon, and Baybanks filed answers on April 24, June 23, and June 28, 1995 respectively. On August 21, 1995, Beacon moved to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) for lack of subject matter jurisdiction and for failure to state a claim.

On August 25, 1995, plaintiff filed a motion to amend his original complaint to substitute $50,000 as the amount in question. On September 13, 1995, Ogden moved to dismiss all claims pursuant to Rule 12(b)(1) and (6). Likewise, on October 3, 1995, defendant Baybanks moved to dismiss all claims pursuant to Rule 12(b)(1) and (6). Finally, on February 2, 1996, plaintiff filed a second motion to amend his complaint.

### IV. *STANDARD OF REVIEW*

■ When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court accepts as true the factual allegations contained in the complaint, and draws all inferences in favor of the plaintiff. *The Dartmouth Review v. Dartmouth College,* 889 F.2d 13, 16 (1st Cir.1989) (citing *McDonald v. Santa Fe Trail Transportation Co.,* 427

U.S. 273, 276, 96 S.Ct. 2574, 2576–77, 49 L.Ed.2d 493 (1976)). In order to maintain a claim for relief, plaintiff needs only allege " 'a generalized statement of facts from which the defendant will be able to frame a responsive pleading.' " *McDonald v. Commonwealth of Mass.,* 901 F.Supp. 471, 476 (D.Mass.1995) (quoting Wright & Miller, Federal Practice & Procedure: Civil 2d § 1357). If the claim is legally sufficient based on " 'any viable theory,' " the court must deny the motion to dismiss. *Id.* (quoting *Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 52 (1st Cir.1990)).

### V. *DISCUSSION*

The motions to dismiss require the court to consider whether jurisdiction is properly asserted based on a federal question pursuant to 42 U.S.C. § 1983 or whether jurisdiction can be maintained by diversity of citizenship.

#### A. *Federal Question*

■ 42 U.S.C. § 1983 states:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In order to maintain a claim under § 1983, plaintiff must establish that one or all of the defendants (1) were acting under color of state law, and (2) deprived plaintiff of a right secured by the Constitution and the laws of the United States. *See West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 2254–55, 101 L.Ed.2d 40 (1988). The requirement that the defendant be acting in some official capacity is mandatory, except in limited circumstances, none of which is applicable here. Thus, if a private party has acted "with the help of or in concert with state officials," a private actor may be liable based on state action. *McKeesport Hospital v. Accredita-*

*tion Council,* 24 F.3d 519, 524 (3rd Cir.1994). Furthermore, state action may be found when a private party has been "delegated ... a power 'traditionally exclusively reserved to the State.'" *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 157, 98 S.Ct. 1729, 1734, 56 L.Ed.2d 185 (1978) (quoting *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 352, 95 S.Ct. 449, 454, 42 L.Ed.2d 477 (1974)). Finally, state action may be established if "there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may fairly be treated as that of the State itself." *Jackson,* 419 U.S. at 351, 95 S.Ct. at 453. The fracas at the Baybanks constituted at most an altercation among private parties. The lawsuit arising from it may not, therefore, be maintained under § 1983.

In fact, plaintiff's complaint fails even to allege state action. It is devoid of any facts or circumstances which would support the allegation that the defendants were acting under color of state law. No federal question jurisdiction exists.

## B. *Diversity of Citizenship*

█ Plaintiff also contends that jurisdiction is properly established by diversity of citizenship pursuant to 28 U.S.C. § 1332. In part, § 1332(a)(1) states:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between citizens of different states.

Moreover, 28 U.S.C. § 1332(c)(1) states that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business...." In order to satisfy the elements of § 1332(c)(1), there must be "complete diversity of citizenship." *Carden v. Arkoma Associates,* 494 U.S. 185, 187, 110 S.Ct. 1015, 1017, 108 L.Ed.2d 157 (1992).

Defendant Baybanks is a Massachusetts corporation with its principal place of business at 175 Federal Street, Boston, Massachusetts. In addition, defendant Beacon is a corporation with its principal place of business at 30 Rowes Wharf, Boston, Mas-

sachusetts. Since plaintiff is a Massachusetts citizen, residing at 19 Harding Avenue in Ludlow, Massachusetts, diversity jurisdiction is lacking in this case.

Thus, even if the court were to allow plaintiff to amend his complaint properly to assert the minimum $50,000 amount in controversy, plaintiff has failed to establish diversity as between himself and the defendants. Diversity jurisdiction cannot be asserted pursuant to 28 U.S.C. § 1332.

## C. *State and Common Law Claims*

█ Finally, the plaintiff argues that supplemental jurisdiction exists over his state law claims. In *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Court stated that supplemental jurisdiction is a "doctrine of discretion, not a plaintiff's right." 383 U.S. at 726, 86 S.Ct. at 1139. Furthermore, the Court stated that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Id.* The court has broad discretion to dismiss a plaintiff's state law claims after any federal claims have been dismissed for lack of jurisdiction.

In sum, all plaintiff's claims will be dismissed for lack of subject matter jurisdiction, or as an exercise of discretion under *Gibbs.*

## VI. *CONCLUSION*

For the reasons stated, the court hereby ALLOWS the defendants' Motions to Dismiss. The plaintiff's Motions to Amend are DENIED as futile.