Robert P. COYNE, Plaintiff, Appellant,

v.

CITY OF SOMERVILLE, et al., Defendants, Appellees.

No. 91–2191.

United States Court of Appeals, First Circuit.

Heard May 4, 1992.

Decided Aug. 17, 1992.

442

Joan A. Lukey, Boston, Mass., for plaintiff, appellant.

Richard L. Neumeier with whom Robert L. Farrell and Harry A. Pierce, Boston, Mass., were on brief, for defendants, appellees.

Before SELYA, Circuit Judge, COFFIN and CAMPBELL, Senior Circuit Judges.

COFFIN, Senior Circuit Judge.

This is an appeal from the district court's order dismissing plaintiff Coyne's 42 U.S.C. § 1983 action and state law claims against defendants. We affirm.

I.

We discuss only so much of the background of this case as is necessary to provide context and support for our decision. Plaintiff Coyne has been employed by the Somerville public school system since 1969. Between 1979 and 1989, he sought four job promotions and was awarded none of them. In 1979 and again in 1982 Coyne applied for the position of building master; in either 1985 or 1986 he applied for the position of head of the health and physical education department; and in 1989 Coyne applied for the position of department chairperson. Under Massachusetts law, job vacancies within the public school system must be filled by persons certified by the state as qualified. Mass.Gen.Laws Ann. ch. 71, § 38G (West 1982) ("section 38G"). Coyne possessed the required certification for each of the jobs he sought. The promotions, however, were awarded to non-certified applicants. Moreover, according to Coyne, they went exclusively to "friends, cronies, and others in favorable relationships with decision-makers" in the Somerville school system.

Coyne sued defendants (the City of Somerville, the director of personnel and assistant superintendent of schools, and past and present members of the school committee) alleging that the promotion of non-certified applicants violated his rights to due process, equal protection of the laws, and freedom of speech under the Fourteenth and First Amendments of the United States Constitution. Coyne also alleged violations of Massachusetts law. The magistrate judge recommended dismissal of the federal constitutional counts for failure to state a claim upon which relief could be granted, Fed.R.Civ.P. 12(b)(6), and dismissal of the state law claims for lack of jurisdiction. Coyne then moved to amend his (second amended) complaint ("the complaint"). The district court, adopting the magistrate's recommendation, dismissed the complaint and denied the motion for leave to file anew. Coyne appeals.

II.

In reviewing a dismissal under Rule 12(b)(6) we take the well-pleaded facts as

they appear in the complaint, extending plaintiff every reasonable inference in his favor. *Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). We have given Coyne's complaint the indulgent reading it deserves, but find it legally insufficient nonetheless.

*Due Process*

■ On appeal Coyne advances both procedural and substantive federal due process claims.[1] On the procedural front, he argues that section 38G (the certification statute) gave him a property interest in the promotions sought.[2] By awarding the jobs to uncertified applicants, defendants purportedly denied plaintiff his property without due process of law. We do not reach the question of whether Coyne received "due process" since he has failed to allege facts sufficient to state a property interest in the promotions. For an interest in a statutorily created benefit to become a protected property interest under the Fourteenth Amendment, a person "must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972); *see also Hoffman v. City of Warwick,* 909 F.2d 608, 619 (1st Cir.1990) (quoting *Roth*); *Beitzell v. Jeffrey,* 643 F.2d 870, 874 (1st Cir.1981) (same).

Our decisions do not rule out the possibility of a regulatory scheme creating a "legitimate claim of entitlement" to a job promotion. *See Burns v. Sullivan,* 619 F.2d 99, 104 (1st Cir.1980) (but for discretion built into statutes governing promotion of police officers, employee "may well have enjoyed a protected right to promotion"). However, the certification provision relied

upon by Coyne gives rise to no such claim. To be sure, section 38G speaks in mandatory rather than discretionary terms: "No person shall be eligible for employment by a school committee ... unless he has been granted ... a certificate with respect to the type of position for which he seeks employment...." Mass.Gen.Laws Ann. ch. 71, § 38G (West 1982). By no reasonable interpretation, however, can this general directive be said to confer a job "entitlement" upon any particular applicant. Even where one is the only certified finalist—as Coyne apparently was on three occasions—the school board presumably remains free to promote or hire nobody and to continue its search for an acceptable candidate.[3] Massachusetts's certification requirement simply does not give rise to a constitutionally protected property interest.

■ Coyne's substantive due process arguments likewise lack merit. To state a cause of action under the substantive due process component of the Fourteenth Amendment, one must show either that a specific liberty or property interest protected by the federal due process clause has been violated, *see Meyer v. Nebraska,* 262 U.S. 390, 399, 43 S.Ct. 625, 626, 67 L.Ed. 1042 (1923), or that the state's conduct "shocks the conscience," *Rochin v. California,* 342 U.S. 165, 172, 72 S.Ct. 205, 209, 96 L.Ed. 183 (1952). *See Pittsley v. Warish,* 927 F.2d 3, 6 (1st Cir.1991) (citing *Meyer* and *Rochin*). Coyne has alleged facts sufficient to prove neither.

■ For the reasons set forth in the district court's opinion adopting the magistrate judge's recommendation, we find there is no scenario under which plaintiff's interest in the job promotions sought could rise to the level of a protected property

---

1. Coyne does not specifically allege a procedural due process violation. Reading the complaint expansively, as is appropriate at this stage, we treat the allegations concerning substantive due process as implying a procedural due process claim as well.

2. Coyne also relies on certification requirements contained in a contract between the school committee and the Somerville teachers' association and in local rules governing the school committee. Since these provisions track

the language of section 38G, we discuss plaintiff's rights under the statute only.

3. The statute expressly provides that "nothing herein shall be construed to prevent a ·school committee from prescribing additional qualifications...." Mass.Gen.Laws Ann. ch. 71, § 38G (West 1982). Manifestly, certification is a necessary but not sufficient condition of public school employment in Massachusetts.

interest under the Fourteenth Amendment. *See Coyne v. City of Somerville*, 770 F.Supp. 740, 746–49 (D.Mass.1991). Nor has he alleged facts sufficient to show defendants' behavior "shocks the conscience."[4] At most, plaintiff has identified four (or five) instances in which defendants filled a public school position in violation of state law.[5] It is bedrock law in this circuit, however, that violations of state law—even where arbitrary, capricious, or undertaken in bad faith—do not, without more, give rise to a denial of substantive due process under the U.S. Constitution.[6] *See PFZ Properties, Inc. v. Rodriguez*, 928 F.2d 28, 31–32 (1st Cir.1991); *Amsden v. Moran*, 904 F.2d 748, 757 (1st Cir.1990); *Chiplin Enterprises, Inc. v. City of Lebanon*, 712 F.2d 1524, 1528 (1st Cir.1983). The due process claims were properly dismissed.

### Equal Protection

■ Coyne advances two theories in support of his equal protection claim. He argues that defendants administered an unwritten, facially discriminatory policy of hiring unqualified "friends, cronies, and others in favorable relationships" to the school committee. In the alternative, he claims defendants administered a facially neutral statute, section 38G, in a discriminatory manner. The facts as alleged in his complaint, however, support neither theory.

To survive a motion to dismiss, an equal protection claim "must 'outline facts sufficient to convey specific instances of unlawful discrimination.'" *Correa–Martinez*, 903 F.2d at 53 (quoting *Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir.1989)). A plaintiff "may not prevail simply by asserting an inequity and tacking on the self-serving conclusion that the defendant was motivated by a discriminatory animus." *Id.*

Coyne offers not one well-pled fact concerning the alleged promotion of "friends and cronies" of the school committee over certified applicants not in such "favorable relationships." While describing four instances in which plaintiff was passed over in favor of uncertified personnel, the complaint nowhere links these uncertified applicants to any of the defendants.[7] Coyne does not allege, for example, that hired candidate A was a childhood friend of defendant B, or that hired candidate C was a political hanger-on of defendant D. He merely avers generally that, "on information and belief" the jobs went to "friends, cronies" or other favorites of the school committee.

"Despite the highly deferential reading ... we accord a litigant's complaint under Rule 12(b)(6), we need not credit bald assertions, ... unsubstantiated conclusions, or outright vituperation." *Correa–Martinez*, 903 F.2d at 52. A plaintiff "may not ... rest on 'subjective characterizations' or conclusory descriptions of 'a general scenario which *could* be dominated by unpleaded facts.'" *Id.* at 53 (quoting *Dewey v. University of New Hampshire*, 694 F.2d 1, 3 (1st Cir.1982)) (emphasis added). And though for pleading purposes the "line between sufficient facts and insufficient con-

---

4. Nowhere in his complaint does Coyne state that defendants' conduct "shocks the conscience." He insists this allegation is implicit. Given the deferential nature of our review, we adopt plaintiff's reading in this regard.

5. Although Coyne adverts to "25 or more" instances of uncertified persons being hired by defendants over a ten year period, this allegation is offered only "on information and belief." A newspaper article appended to the complaint states that "at least five" positions (out of the 60 requiring certification) in the school system were held by uncertified persons during this period, but offers no more exacting an estimate.

6. Plaintiff presumably would respond that his complaint alleges not merely that defendants

violated section 38G, but that they did so in order to benefit their friends and cronies. As we explain *infra* at 444–445, Coyne's claim of cronyism, no matter how deferentially reviewed, consists of conclusory allegations unsupported by pleaded facts. We therefore accord them no weight in our analysis.

7. As in the due process context, *see supra* at 444, defendants' violation of the state certification statute does not, without more, implicate plaintiff's rights under the equal protection clause of the U.S. Constitution. *See Hoffman v. City of Warwick*, 909 F.2d 608, 623 (1st Cir.1990) (citing *Snowden v. Hughes*, 321 U.S. 1, 11, 64 S.Ct. 397, 402, 88 L.Ed. 497 (1944)).

clusions 'is often blurred,'" we nonetheless require that it be plotted. *Id.* (quoting *Dartmouth Review,* 889 F.2d at 16). Plaintiff has failed to carry even this minimal burden.

██ Coyne's equal protection claim is deficient in other respects. Were we to find the complaint contains facts sufficient to show discriminatory hiring by defendants of their friends and cronies, we would have difficulty finding the conduct rose to the level of "a practice, custom, or unwritten policy," as alleged by plaintiff. Coyne describes with any precision only four or five instances of alleged discrimination over the past ten years. *See supra* note 5 and accompanying text. His alternative theory—that defendants administered a facially neutral statute in a discriminatory manner—also would fail, since the complaint does not allege (much less set forth facts showing) defendants acted with "malice or bad faith intent to injure" the class of non-cronies among whom plaintiff counts himself, *Yerardi's Moody Street Restaurant & Lounge v. Board of Selectmen,* 932 F.2d 89, 92 (1st Cir.1991). At most, plaintiff has alleged defendants intentionally promoted uncertified persons instead of him. " 'Discriminatory purpose,'" however, "implies more than intent as volition or intent as awareness of consequences. It implies that the decisionmaker ... selected ... a particular course of action at least in part 'because of,' not merely 'in spite of' its adverse effects upon an identifiable group." *Personnel Administrator of Massachusetts v. Feeney,* 442 U.S. 256, 279, 99 S.Ct. 2282, 2296, 60 L.Ed.2d 870 (1979) (citation omitted). *Cf. Hoffman,* 909 F.2d at 624 (equal protection violation not established simply by applying epithets "willful" and "malicious" to state action). This much plaintiff does not allege and, on the basis of the pleaded facts, cannot prove. The district court properly dismissed the equal protection count.

---

**8.** In addition, we reject plaintiff's suggestion that the magistrate judge improperly resolved the First Amendment claim as a matter of law. The inquiry concerning the protected status of speech is one of law, *Connick v. Myers,* 461 U.S. 138, 148 n. 7, 103 S.Ct. 1684, 1690 n. 7, 75

*Freedom of Speech*

██ Coyne claims defendants refused to promote him in 1989 in retaliation for his challenge to the promotion of uncertified individuals. The magistrate judge comprehensively reviewed the relevant caselaw and facts underlying this allegation, noting in particular the absence of any communication by Coyne pertaining to matters of "public concern." *See Coyne,* 770 F.Supp. at 750–53 (quoting *Connick v. Myers,* 461 U.S. 138, 142–48, 103 S.Ct. 1684, 1687–91, 75 L.Ed.2d 708 (1983)). We affirm dismissal of plaintiff's First Amendment challenge on the basis of this analysis.

### III.

We briefly dispose of the remaining issues presented by this appeal.

*Motion to Dismiss or Motion For Summary Judgment?*

██ Coyne claims defendants' motion to dismiss the First Amendment count should have been treated as one for summary judgment, since the magistrate judge referred to an affidavit in his decision. *See* Fed.R.Civ.P. 12(c). We disagree. The court reviewed the affidavit for plaintiff's sake over *defendants'* objection, thereby awarding him a double boon. Plaintiff was able to supplement an otherwise deficient pleading while enjoying the benefit of the more deferential Rule 12(b)(6) standard of review. We see no basis for his complaining.[8]

*Waiver of Defense to First Amendment Claim?*

██ Coyne also argues that defendants waived their Rule 12(b)(6) defense (failure to state a claim) to his free speech claim by failing to raise it in their original answer. Fed.R.Civ.P. 12(b) states that "[e]very defense ... to a claim for relief in any pleading ... shall be asserted in the responsive

L.Ed.2d 708 (1983), and Coyne pled no facts permitting a finding that his speech involved matters of public concern. *Cf. Sanguigni v. Pittsburgh Bd. of Public Educ.,* 968 F.2d 393, 396–400 (3d Cir.1992) (affirming dismissal of free speech/retaliation claim).

pleading thereto" unless it is a defense that can be raised by motion. Since defendants did not move for judgment on the pleadings (as they could have under Fed.R.Civ.P. 12(h)(2)), Coyne asserts, they were bound to raise any 12(b)(6) defense in their answer to his first complaint. Defendants did this in response to both the due process and equal protection counts. They did not raise a 12(b)(6) defense to the First Amendment claim, however, until answering the first *amended* complaint. According to plaintiff, defendants thereby waived the defense.

We do not so view the record. Rule 12(h)(2) provides that a "defense of failure to state a claim upon which relief can be granted ... may be made in any pleading permitted ... under Rule 7(a)." Fed. R.Civ.P. 12(h)(2). Rule 7(a), in turn, defines "pleadings" as, among other things, "a complaint and answer." Fed.R.Civ.P. 7(a). Plaintiff supplies no precedent nor any persuasive reason for our excluding an answer to an *amended* complaint from this definition. We therefore decline to do so.

*Leave to File New Complaint*

 After receiving the magistrate judge's recommendation that his complaint be dismissed, plaintiff sought leave to file a third amended complaint correcting certain deficiencies in the second one.[9] Leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). This determination is left to the broad discretion of the district court. *Correa–Martinez*, 903 F.2d at 59. We have read Coyne's complaint generously enough to include the proposed amendments and find them to be of no help to him. *See supra* notes 1 & 4 and discussion at 445. The district court did not abuse its discretion in denying the Rule 15 motion. *See Correa–Martinez*, 903 F.2d at 59 ("Where ... amendment would be futile ... the district court should not needlessly prolong matters.").

**9.** Coyne proposed the addition of (1) a "procedural due process" caption, *see supra* note 1, (2) a statement that defendants' conduct "shocks the conscience," *see supra* note 4, and (3) an allegation that they "intentionally and purposefully" discriminated against him.

*Dismissal of State Law Claims*

 The district court deemed this an inappropriate case for exercising pendent jurisdiction. Rejecting plaintiff's federal claims *in toto*, it dismissed without prejudice his state law claims as well.[10] We affirm this decision on the basis of the district court opinion. *See Coyne*, 770 F.Supp. at 753–54.

The judgment of the district court is *affirmed.*

**10.** Plaintiff informs us he has since filed suit in state court "to preserve his rights" during the pendency of this appeal.