Smith v. State of NH Bd. of Licensure CV-94-463-B    03/08/95
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE


Robert F. Smith, et al.

     v.                                          No. 94-463-B

The State of New Hampshire,
Board of Licensure for Land Surveyors, et al.


                           **O R D E R**


     Plaintiffs, Robert and Joanne Smith, appearing pro se, have
filed a civil rights action for damages against the New Hampshire
Board of Licensure for Land Surveyors, members of the Board, and
Richard Noyes.  Pending before me are the defendants' motions to
dismiss.  For the reasons set forth below, I dismiss their claims
against the Board and its members in their official capacities,
but stay dismissal of their claims against Noyes and Board
members sued individually pending the Smiths' response.


                  **I.   STANDARD OF REVIEW**

     When considering motions to dismiss pursuant to Federal Rule
of Civil Procedure 12(b)(6), this court must accept all material
factual allegations as true and make all reasonable inferences in

favor of the plaintiffs.  Coyne v. Somerville, 972 F.2d 440, 442-43 (1st Cir. 1992).  This court must liberally construe a pro se complaint and grant dismissal only if plaintiffs can prove no facts entitling them to relief.  Rockwell v. Cape Cod Hospital, 26 F.3d 254, 255 (1st Cir. 1994).

## II.  BACKGROUND

The Smiths believe that they lost their boundary dispute in a state court action due to the testimony of defendant Richard Noyes, a land surveyor who appeared as a witness for the opposition.  The Smiths filed a complaint against Noyes with the New Hampshire Board of Licensure for Land Surveyors ("Board").  The Smiths also sued Noyes in superior court alleging fraud and misrepresentation and violations of federal civil rights statutes.  Noyes filed a counterclaim alleging harassment.  On August 18, 1992, the superior court dismissed the Smiths' complaint on the grounds that their state law claims were barred by the statute of limitations and that they failed to state a civil rights claim.  The New Hampshire Supreme Court declined the Smiths' notice of appeal on November 18, 1992, because a final

2

decision on the merits had not been made by the lower court,[1] and the Smiths decided not to file an interlocutory appeal. The Smiths' petition to the United States Supreme Court for writ of certiorari was denied on May 17, 1993.

## III. DISCUSSION

As I explained at the status conference in this case held on January 13, 1995, the Eleventh Amendment bars suits for damages in federal court against a state including its agencies and members sued in their official capacities. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 & n.10 (1989); Johnson v. Rodriguez, 943 F.2d 104, 108-09 (1st Cir. 1991), cert. denied, 112 S. Ct. 948 (1992). Therefore, the Smiths' claims against the Board and its members sued in their official capacities are dismissed.

In order to maintain a civil rights action under 42 U.S.C.A. § 1983,[2] plaintiffs must allege that they have been

---

[1] Although the superior court's notice of decision dated August 18, 1992, granted Noyes's motion to dismiss the Smiths' claims, Noyes's counterclaims in that action remained pending.

[2] The Smiths allege a count based upon a "standard of conduct" established by 42 U.S.C.A. § 1983. Because § 1983 provides no substantive rights but merely serves as a vehicle for

3

deprived of a federal constitutional or statutory right by persons acting under color of state law. Watterson v. Page, 987 F.2d 1, 7 (1st Cir. 1993). Reading the allegations in the Smiths' complaint liberally, and in light of their explanations in their objections to defendants' motions to dismiss, they charge the defendants with violating their First Amendment right to seek redress of grievances and with denying their Fourteenth Amendment right to due process. Specifically, they allege that the Board failed to follow procedural requirements in deciding not to discipline Noyes and that the Board members conspired with Noyes to support his counterclaim against the Smiths.

The Smiths' First Amendment claim lacks merit as they were afforded an opportunity to file their complaint against Noyes with the Board. The First Amendment does not give the Smiths the right to favorable action on their claim, nor does it guarantee that the petition will be addressed by an unbiased decisionmaker. See Templeman v. Philbrick, Civ. No. 92-409-B (3/28/94), aff'd 1994 U.S. App. LEXIS 35099 (December 14, 1994). Accordingly, this claim is dismissed.

---

vindicating violations of federal constitutional and statutory rights, I construe their allegations to seek damages under § 1983 for alleged violations of their constitutional rights. See Albright v. Oliver, 114 S. Ct. 807, 811 (1994).

4

To state a Fourteenth Amendment due process claim, the Smiths first must allege facts to show that they were deprived of a recognized property right or a sufficient property interest to invoke protection from arbitrary government action.[3]  See, e.g. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Board of Regents v. Roth, 408 U.S. 564, 570-71 (1972); Flemming v. Nestor, 363 U.S. 603, 610-11 (1960).  See also Hoffman v. Warwick, 909 F.2d 608, 618-19 (1st Cir. 1990). "Constitutionally protected property interests originate in extra-constitutional sources; they are 'created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law . . . .'" Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 53 (1st Cir. 1990) (quoting Board of Regents, 408 U.S. at 577).

The Smiths cite the Board's statutory authority and procedure claiming that they are within the class of persons intended to be protected by the Board.  The Smiths argue that the statutory procedure for disciplinary actions applies to them as persons who brought a complaint to the Board, but they fail to

_____

[3]  The Smiths do not allege any facts that would suggest a violation of their liberty interests.

5

identify any recognized property interest of theirs that due process would protect.

The Board is authorized to promulgate rules and conduct proceedings for the licensing and discipline of land surveyors in New Hampshire. See N.H. Rev. Stat. Ann. §§ 310-A:58 to :74 (1984 and Supp. 1993). Licensed land surveyors such as Noyes, who the Board may discipline by revoking or limiting their licenses to engage in their profession, have a recognized property interest in the Board's proceedings that raises due process considerations. See Amsden v. Moran, 904 F.2d 748, 753-58 (1st Cir.), mot. denied, 498 U.S. 936 (1990), cert. denied, 498 U.S. 1041 (1991). By contrast, the Board has no authority to award damages or impose penalties against complainants to the Board, such as the Smiths. The Board's decisions whether or not to discipline a licensed surveyor, therefore, do not affect a complainant's property interest. Because the Smiths do not have a protected property interest in the Board's proceedings and decision, they cannot state a § 1983 cause of action based upon an alleged violation of their due process rights by the Board.[4]

_____

[4] To the extent that the Smiths assert that the Board members are engaged in a conspiracy with Noyes to wrongly initiate or continue a civil claim against them, they allege, if

The defendants moved to dismiss on a variety of grounds[5] but did not raise the issue that the Smiths failed to allege a protected property interest under the Fourteenth Amendment. Although the Smiths' pleading deficiency would ordinarily require dismissal of the complaint, I will allow them ten days from the date of this order to respond to the grounds for dismissal that I have raised.

## IV.  CONCLUSION

For the foregoing reasons defendants' motion to dismiss (document number 10) is granted as to the Board and its members sued in their official capacities.  Defendants' remaining motions to dismiss (part of document number 10 and documents numbers 7 and 17) are stayed pending response within ten days by plaintiffs.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

March  8, 1995

_____

anything, state law claims for conspiracy and abuse of process rather than cognizable federal claims.

[5]  Many of the defenses raised by the defendants would serve as alternative grounds for dismissing the Smiths' claims.

7

cc:  Robert F. Smith
Joanne M. Smith
Stephen Judge, Esq.
Donald Whittum, Esq.