86 F.3d 1146
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Roland E. HUSTON, Jr., Plaintiff, Appellant,
v.
Germano M. MARTINS, et al., Defendants, Appellees.
 No. 95-2196.
 United States Court of Appeals, First Circuit.
 June 5, 1996.
 
 Roland E. Huston, Jr., on brief pro se.
 Jeffrey R. Howard, Attorney General, and William C. McCallum, Assistant Attorney General, on brief for appellees.
 Before TORRUELLA, Chief Judge, and STAHL and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Roland E. Huston, Jr., appeals from the district court's dismissal of his suit against a New Hampshire child support enforcement official and his ex-wife's private attorney under 42 U.S.C. § 1983. We affirm substantially for the reasons given in the magistrate judge's report dated May 26, 1992, and order dated July 6, 1992, which the district court approved in its order dated September 27, 1995. We add only the following comments.
 
 
 2
 1. From the facts as alleged by appellant, which we take as true, see Coyne v. City of Somerville, 972 F.2d 440, 443 (1st Cir.1992), no action adverse to his interests was taken as a result of the letters haling him into state court. Nor was the conduct of the state agent "conscience-shocking" to the degree necessary to constitute a substantive due process violation. See Amsden v. Moran, 904 F.2d 748,754 (1st Cir.1990). The district court's determination that appellant's allegations do not make out a due process violation was correct.
 
 
 3
 2. Because a § 1983 conspiracy claim requires proof of a constitutional deprivation, Brennan v. Hendrigan, 888 F.2d 189, 195 (1st Cir.1989), appellant's conspiracy claim, premised on the alleged due process violation, was also properly dismissed.
 
 
 4
 3. Appellant's abstention argument is rendered moot by the magistrate's July 6, 1992, order and the district court's decision on the merits of the complaint.
 
 
 5
 Affirmed.