Higgins v. Toys 'R' Us               CV-98-18-SD    6/23/98
                UNITED STATES DISTRICT COURT FOR THE

                      DISTRICT OF NEW HAMPSHIRE


Robin Higgins


     v.                                Civil No. 98-18-SD


Toys 'R' Us



                         O R D E R


     Plaintiff Robin Higgins filed this sexual harassment and

employment discrimination claim against her former employer, Toys

'R' Us.  Plaintiff alleges violations of New Hampshire Revised

Statutes Annotated (RSA) 354-A and Title VII of the Civil Rights

Act of 1964, 42 U.S.C. § 2000e, et seq. (Counts I and V);

intentional and negligent infliction of emotional distress

(Counts II and III); negligent retention (Count IV); and

negligent supervision (Count VI).  Plaintiff seeks punitive

damages (Count VII) and enhanced compensatory damages (Count

VIII).  Presently before the court is a motion by defendant Toys

'R' Us to dismiss (1) Higgins' claims for violations of RSA 354-

A:21 in Counts I and V; (2) Counts II, III, IV, and VI as barred

by the New Hampshire Workers' Compensation Act's exclusivity

provision; and (3) Higgins' claim for enhanced compensatory damages in Count VIII.

## Background

Toys 'R' Us hired Higgins in November 1991 to work at its Newington, New Hampshire, store. During most of Higgins' employment, her manager was a man named Robin Foster. Foster frequently used lewd language and made derogatory remarks about women. Higgins, embarrassed and humiliated by Foster's language, complained to managers Jan Carter and Renee Kyc. Foster then stopped using lewd language when speaking to Higgins, but continued to use lewd language in Higgins' presence while addressing her coworkers. Other employees were amused by Foster's language and stopped speaking to Higgins.

During the time that Foster was harassing Higgins, another employee was injured at work in an unrelated incident. Higgins had some knowledge of the incident, so, at the employee's request, Higgins appeared as a witness at the employee's workers' compensation hearing. At some point after this hearing, managers Kyc and Foster gave Higgins a written warning for having a poor attitude and for not being a team player. Higgins met with Carter a second time because she thought Kyc and Foster were retaliating against her for complaining about Foster and for associating with and supporting the coworker who had been

2

injured.  Two months after Higgins met with Carter, Higgins received a negative annual evaluation from the management team. Shortly thereafter, Higgins was demoted from her position as department head at the Newington store.  Higgins was offered a position as department head in the Concord store, but was told she would receive no pay raises in the next two years.  Higgins finally resigned because of the continual harassment.

## Discussion

### I. Standard for Dismissal

When a court is presented with a motion to dismiss filed under Rule 12(b)(6), Fed. R. Civ. P., "its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

To resolve defendant's Rule 12(b)(6) motions, the court must "take the well-pleaded facts as they appear in the complaint, extending plaintiff every reasonable inference in [her] favor." Pihl v. Massachusetts Dep't of Educ., 9 F.3d 184, 187 (1st Cir. 1993) (citing Coyne v. City of Somerville, 972 F.2d 440, 442-43 (1st Cir. 1992)).  The court may properly dismiss a claim under Rule 12(b)(6) "'only if it clearly appears, according to the

3

facts alleged, that the plaintiff cannot recover on any viable theory.'" <u>Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, F.S.B.</u>, 958 F.2d 15, 17 (1st Cir. 1992) (quoting <u>Correa-Martinez v. Arrillaga-Belendez</u>, 903 F.2d 49, 52 (1st Cir. 1990)).

## II. Defendant's Motion to Dismiss

### a. RSA 354-A Claims

Toys 'R' Us seeks to dismiss plaintiff's RSA 354-A claims. It is well-settled law that RSA 354-A provides no private right of action in federal court. <u>See, e.g.</u>, <u>Lowry v. Cabletron</u>, 973 F. Supp. 77, 82 (D.N.H. 1997). Higgins' RSA 354-A claims therefore must be dismissed.

### b. Workers' Compensation Exclusivity Provision

Toys 'R' Us moves to dismiss Higgins' state tort claims under the exclusivity clause of New Hampshire's workers' compensation law, which bars an employee covered under workers' compensation insurance from suing his or her employer for state torts based on accidental job-related injuries. <u>See</u> RSA 281-A:8 ("An employee . . . shall be conclusively presumed to have accepted the provisions of this chapter and . . . to have waived all rights of action whether at common law or by statute . . . against the employer . . . ."). <u>See also</u>, <u>O'Keefe v. Associated</u>

4

Grocers of New England, Inc., 120 N.H. 834, 835-36, 424 A.2d 199, 201 (1980). Higgins concedes that Counts II, IV, and VI are barred, but argues that her intentional infliction of emotional distress claim is not based on an accidental injury, and thus survives the exclusivity provision.

The New Hampshire workers' compensation law applies only to "accidental injury or death arising out of and in the course of employment . . . ." RSA 281-A:2. Intentional injury inflicted by an employer on an employee is not accidental, and thus is outside the scope of the exclusivity provision. However, a common law action will lie only if the employer personally intends the injury. It is insufficient to show that a co-employee intended to injure a plaintiff. See 6 ARTHUR LARSON, LARSON'S WORKERS' COMPENSATION LAW § 68.14 (1997). A co-employee's intent may not be imputed to the employer unless that employee is the alter ego of the corporate employer. Id. § 66.22. Thus an action will not lie against the employer "merely because the co-employee [who intends injury] occupied supervisory status in relation to the [plaintiff]." Id. § 68.00, at 13-1. This remains so, even when the employer negligently fails to protect an employee from a co-employee. LARSON'S WORKERS' COMPENSATION LAW, a well-known employment law treatise, notes that "[e]ven if the [employer's] alleged conduct goes beyond aggravated negligence,

5

and includes such elements as knowingly permitting a hazardous work condition to exist, this still falls short of the kind of actual intention to injure that robs the injury of accidental character." Id. at 13-55, 70.

In the case at bar, plaintiff alleges that her co-employee, supervisor Foster, intended to cause her severe emotional distress. However, Foster's intent to injure plaintiff cannot be imputed to Toys 'R' Us because Foster was not the alter ego of that corporation. He was simply a manager of a local chain store and had no ownership interest in or control over company operations. See Vargus v. Dunkin' Donuts, No. 92-301-SD (D.N.H. June 7, 1993). Toys 'R' Us, at most, was negligent in not protecting plaintiff from ongoing verbal harassment by Foster. Through its failure to protect, Toys 'R' Us clearly did not deliberately and consciously intend to injure plaintiff, thus her injury was accidental and falls within the scope of the workers' compensation law. Her state tort action for intentional infliction of emotional distress is thus barred by the exclusivity provision.

### c. Enhanced Compensatory Damages

"It is generally settled that enhanced compensatory damages are not available under Title VII." Godfrey v. Perkin-Elmer

Corp., 794 F. Supp. 1179 (D.N.H. 1992) (citation omitted).  Since

only Title VII claims remain, Higgins' claim for enhanced

compensatory damages must be dismissed.


## Conclusion

For the reasons above, defendant's motion to dismiss

(document 3) is granted as to the RSA 354-A claims in Counts I

and V and as to Counts II, III, IV, VI, and VIII.

SO ORDERED.


_____
Shane Devine, Senior Judge
United States District Court

June 23, 1998

cc:  Byron J. Siegal, Esq.
     James R. Williams, Esq.
     Mark T. Broth, Esq.