Lilly Software v, Blue Ridge Design   CV-00-093-JD  04/20/01

UNITED STATES DISTRICT COURT FOR THE
                         DISTRICT OF NEW HAMPSHIRE


Lilly Software Associates, Inc.

     v.                                Civil No. 00-93-JD
                                       Opinion No. 2001 DNH 077
Blue Ridge Designs, Inc.


                              O R D E R


     Lilly Software Associates, Inc. brings claims against Blue

Ridge Designs, Inc. arising from the parties' failed business

relationship.  Blue Ridge moves to dismiss, or in the

alternative, for judgment on the pleadings, with respect to

Lilly's claims of defamation and intentional interference with

prospective contractual relations.  Lilly objects.


                             Discussion

     As a preliminary matter, Blue Ridge raises a procedural

question as to whether its motion is properly treated as a motion

to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6),

or a motion for judgment on the pleadings, pursuant to Rule

12(c).  A Rule 12(b)(6) motion may be filed as a responsive

pleading before answering the complaint, while a 12(c) motion is

filed after answering when the pleadings are closed.  See, e.g.,

Monell v. Best Personnel Sys., Inc., 127 F. Supp. 2d 48, 50

(D.P.R. 2000).  The confusion in this case is that Blue Ridge

answered the initial complaint but has not answered the amended complaint. In that circumstance, the motion is properly treated as a motion to dismiss pursuant to Rule 12(b)(6). See, e.g., Doe v. Savine Parish Sch. Bd., 24 F. Supp. 2d 655, 658 (W.D. La. 1998).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the court takes all well-pleaded facts in the complaint as true and draws all reasonable inferences in the plaintiff's favor. See Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 40 (1st Cir. 1998). The court does not credit legal conclusions or "'subjective characterizations or conclusory descriptions of a general scenario which could be dominated by unpleaded facts.'" Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) (quoting Coyne v. City of Somerville, 972 F.2d 440, 444 (1st Cir. 1992)). To avoid dismissal, the plaintiff must allege facts as to each element of an actionable legal theory. See Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997).

A. Defamation

Blue Ridge moves to dismiss Lilly's defamation claim, arguing that because Lilly alleges that Blue Ridge made derogatory statements about Lilly's business or property, rather

than about personal conduct or character, the cause of action should be construed as injurious falsehood rather than defamation.[1] Blue Ridge cites no New Hampshire law in support of its theory that defamation does not pertain to false and defamatory statements in a business context.[2] In contrast, the New Hampshire Supreme Court relied on the tort of defamation, not injurious falsehood, in a business context in Indep. Mech. Contractors, Inc. v. Gordon T. Burke & Sons, Inc., 138 N.H. 110, 118 (1993). Blue Ridge has failed to show that under New Hampshire law business defamation must be brought as a claim for injurious falsehood.

Blue Ridge contends, in a footnote, that Lilly's allegations are insufficient to state a claim of defamation. Blue Ridge does not, however, address the elements of defamation under New Hampshire law. Instead, Blue Ridge again argues that Lilly's allegations do not permit Blue Ridge to determine whether Lilly

---

[1]Blue Ridge argues that the tort of injurious falsehood includes elements of intentional harm and knowledge or reckless disregard in contrast to defamation which is premised on negligence.

[2]Courts in other jurisdictions have distinguished between causes of action for injurious falsehood and defamation based on the Restatement (Second) of Torts § 623A (1977). See, e.g., Bankwest v. Fid. & Deposit Co., 63 F.3d 974, 981 (10th Cir. 1995); Jorgensen v. Mass. Port Auth., 905 F.2d 515, 525-26 (1st Cir. 1990) (discussing Massachusetts law).

3

is alleging defamation or injurious falsehood.

Lilly alleges its claims as defamation under New Hampshire law, not injurious falsehood. Under New Hampshire law, "[t]o establish defamation, there must be evidence that a defendant failed to exercise reasonable care in publishing, without a valid privilege, a false and defamatory statement of fact about the plaintiff to a third party." Indep. Mech. Contractors, Inc., 138 N.H. at 118. Lilly alleges that Blue Ridge "made false statements of fact about Lilly and Lilly's software to Five Rivers and Murray, both third parties and potential Lilly customers," that those statements injured Lilly's reputation and were made without a valid privilege and without exercising reasonable care. Am. Compl. ¶¶ 42-45. Lilly also alleges that the statements were made during the summer of 2000 when representatives of Five Rivers were visiting Blue Ridge and in the course of a telephone call between Blue Ridge and representatives of Murray. See id. ¶¶ 19-20. To the extent Blue Ridge's motion may be interpreted to challenge Lilly's defamation claim under New Hampshire law, the defamation allegations cover the essentials of such a claim.[3]

---

[3]It is far from clear that Blue Ridge raised the question of whether the defamation claim is sufficiently alleged under New Hampshire law to meet the pleading requirements of Federal Rule of Civil Procedure 8(a). See, e.g., Cruz-Erazo v. Rivera-

4

B.  Intentional Interference with Prospective Contractual
    Relations

    Blue Ridge argues that Lilly's claim of intentional interference with prospective contractual relations must be dismissed due to Lilly's failure to allege that it had a contractual agreement with a third party and that Blue Ridge either intentionally or improperly interfered with such an agreement.  Under New Hampshire law, to state a claim for intentional interference with contractual relations a plaintiff must allege:  "(1) the plaintiff had an economic relationship with a third party; (2) the defendant knew of this relationship; (3) the defendant intentionally and improperly interfered with this relationship; and (4) the plaintiff was damaged by such interference."  Demetracopoulos v. Wilson, 138 N.H. 371, 373-74 (1994) (internal quotation marks and emphasis omitted).  When the claim is for intentional interference with prospective contractual relations, "the court has limited actionable claims to those situations in which the plaintiff 'seeks relief for the defendants' interference with already existing relationships that give rise to a reasonable expectation of economic advantage.'  Heritage Home Health, Inc. v. Capital Region Health Care Corp.,

_____

Montanez, 212 F.3d 617, 622 n.3 (1st Cir. 2000); Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252, 260 (1st Cir. 1999).

5

No. 95-558-JD, slip op. at 10-11, 1996 WL 655793 (D.N.H. Oct.1, 1996) (quotation marks omitted)." Preyer v. Dartmouth Coll., 968 F.Supp. 20, 26 (D.N.H. 1997).

Blue Ridge argues, relying on Montrone v. Maxfield, 122 N.H. 724, 726 (1982), that in the context of prospective contractual relations, the plaintiff must show that it had a binding contractual agreement. Contrary to Blue Ridge's argument, however, the plaintiff in Montrone was in the process of contracting to buy real estate when a broker introduced a new buyer to the seller, inducing the seller to sell the property to the new buyer. See id. at 725. The court concluded that the plaintiff had shown sufficient evidence of a contractual relationship, but had not shown that the broker wrongfully interfered in that relationship. See id. at 726. Similarly, in Baker v. Dennis Brown Realty, 121 N.H. 640, 644 ((1981), the court affirmed the plaintiff's verdict based on her offer to buy real estate although the seller had not yet accepted her offer.

In Preyer, the plaintiff's application for a permanent position with Dartmouth College Dining Services, after her temporary position expired, was denied allegedly due to racial animus. See Preyer, 968 F. Supp. at 22. This court denied the defendant's motion to dismiss her intentional interference claim, concluding, in part, that the plaintiff's allegations that the

defendant prevented her from obtaining the permanent position, for which she had applied, were sufficient. See id. In Heritage Home Health, Inc., 1996 WL 655793, this court summarized the relationship necessary for a claim of intentional interference with prospective contractual relations as "a promise, or the reasonable expectation of a promise, creating a duty recognized by law." Id. at *3.

In this case, Lilly alleges that during the spring and summer of 2000, it was negotiating with two Tennessee companies, Five Rivers Electronic Innovations, LLC and Murray, Inc., to sell software and related services. In July, Lilly made a specific proposal to Five Rivers for a package of software, licenses, and services. Soon after, a competitor took representatives from Five Rivers to visit Blue Ridge, which was using the competitor's products, where Lilly believes Blue Ridge made false and defamatory statements about Lilly and Lilly's software. Lilly also alleges that after Lilly made a specific proposal for the sale of a package of Lilly products and services to Murray, Blue Ridge made false and defamatory statements about Lilly to representatives of Murray during a telephone call set up by the same competitor. See Am. Compl. ¶¶ 19-20.

Since Lilly alleges that it made a promise to each company to sell specific products and services at a certain price, much

like the offers to buy property in <u>Montrone</u> and <u>Baker</u> and the employment application in <u>Preyer</u>, Lilly has sufficiently alleged an existing relationship with each that was likely to result in economic advantage. In addition, it may be reasonably inferred from Lilly's allegations that Blue Ridge intentionally made false and defamatory statements to Lilly's prospective customers on behalf of Lilly's competitor for the purpose of luring the customers away from Lilly. Therefore, Blue Ridge's motion to dismiss this claim is denied.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 26) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

April 20, 2001

cc:  Richard C. Nelson, Esquire
     David S. Godkin, Esquire
     Michael C. Harvell, Esquire
     James D. Myers, Esquire

8