**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 02-2040

BYRON BARBER,

Plaintiff, Appellant,

v.

A.T. WALL, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

Before

Boudin, Chief Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

Byron Barber on brief pro se.
Michael B. Grant on brief for appellees.

May 28, 2003

**Per Curiam**.  Byron Barber, an inmate at the Adult Correctional Institute ("ACI") in Rhode Island, appeals pro se from the district court's dismissal of his complaint, upon the recommendation of a magistrate judge, pursuant to Fed. R. Civ. P. 12(b)(6).  Defendants-appellees, employees and officials of ACI, have moved for summary affirmance.

Barber asserted due process and equal protection violations arising out of a debit from Barber's inmate account of a total of $237.03 in satisfaction of two orders of restitution entered against him by the prison disciplinary review board for destruction of government property.  Barber also alleged that the debit constituted an unlawful taking in violation of the Fifth Amendment.  However, Barber's own allegations state that he received disciplinary reports which gave him notice of the charges and of the estimated repair costs, and that he was afforded a disciplinary hearing as well as administrative review; indeed, Barber asserts that he "challenged and contested [the disciplinary charges and orders of restitution] to the extent of administrative remedies within the Department of Corrections."  These allegations make clear that Barber received all the process he was due.  See Wolff v. McDonnell, 418 U.S. 445, 454 (1974); Smith v. Massachusetts Dep't of Correction, 936 F.2d 1390, 1398-1400 (1st Cir. 1991); Campbell v. Miller, 787 F.2d 217, 222 (7th Cir. 1986).

Moreover, to the extent Barber's allegations can be read to assert a substantive challenge to defendants' actions, his allegations fail to state a claim of constitutional dimension. See Coyne v. City of Somerville, 972 F.2d 440, 444 (1st Cir. 1992)("It is bedrock law in this circuit . . . that violations of state law–even where arbitrary, capricious, or undertaken in bad faith–do not, without more, give rise to a denial of substantive due process under the U.S. Constitution").

Barber's equal protection and takings claims were likewise properly dismissed by the district court.  Barber fails to allege that the law was somehow applied differently to him based upon a "suspect classification" or that any application of law affected a fundamental right, see Plyer v. Doe, 457 U.S. 202, 216-17 (1982), and it is clear that the debiting of funds from Barber's account in satisfaction of a properly imposed restitution order does not amount to a taking or other wrongful interference with a property interest.  See Splude v. Apfel, 165 F.3d 85, 91 (1st Cir. 1999).

Finally, we reject Barber's contention on appeal that the evaluation of his claims by a magistrate judge, rather than a district court judge, violated 28 U.S.C. § 636; the magistrate's preparation of the report and recommendation on defendants' motion to dismiss was entirely appropriate and in accordance with the provisions of § 636(b)(1)(B).

<u>Affirmed</u>.  <u>See</u> Loc. R. 27(c).