**Zuleyka CONCEPCION,
et al., Plaintiffs,**

v.

**MUNICIPALITY OF GURABO,
et al., Defendants.**

**Civil No. 05–2264 (FAB).**

United States District Court,
D. Puerto Rico.

June 6, 2008.

**140**

Maria S. Kortright–Soler, M.S. Kortright Soler Law Office, San Juan, PR, Pedro R. Vazquez, III, Pedro R. Vazquez Law Office, Guaynabo, PR, for Plaintiffs.

Miguel A. Romero–Lugo, Romero, Rodriguez & Quijano, PSC, Maria Judith Surillo, Department of Justice, San Juan, PR, for Defendants.

## OPINION AND ORDER

BESOSA, District Judge.

On December 7, 2005, plaintiffs Zuleika Concepcion–Alamo, Quintilio Colon, Jahaira Sanchez, Lilliam Velazquez and Sandra Cortez, filed a complaint pursuant to 42 U.S.C. § 1983 against the Municipality of Gurabo; its Mayor, Victor Ortiz–Diaz; Rafael Rodriguez, Gurabo's City Administrator; Magali Roman–Castro, Gurabo's Former Director of Human Resources; and Merelyn Santiago, Gurabo's Current Director of Human Resources. (Docket No. 1) In their complaint, plaintiffs seek redress for the alleged violation of their constitutional rights under the First Amendment to the United States Constitution. Supplemental jurisdiction for causes of action pursuant to Puerto Rico laws are premised on the same alleged actions.

On August 10, 2007, the Municipality of Gurabo filed a Motion to Dismiss for failure to state a claim against it. (Docket No. 30) On August 13, 2007, plaintiffs opposed the motion to dismiss. (Docket No. 31) For the reasons stated below, defendant Municipality of Gurabo's motion to dismiss is **DENIED**.

## I. FACTUAL BACKGROUND

Plaintiffs are members affiliated to the Popular Democratic Party ("PDP"). They claim to be municipal career employees whose employment tenure with Gurabo predates the November 2004 general elections held in Puerto Rico. Following the Puerto Rico elections, the New Progressive Party ("NPP") candidate, Victor Ortiz–Diaz, was elected as the Mayor of the Municipality of Gurabo. (Docket No. 1, ¶ 3.1)

Plaintiffs allege that after the newly-elected mayor took office, he began a systematic pattern and policy of discrimination against them by taking adverse employment actions on account of their association and affiliation to the PDP. These actions included *de facto* demotions, reassignment to inferior positions, salary reductions and, in some cases, terminations of employment. Plaintiffs further claim that these actions were taken without cause or justification, and without providing appropriate pre-deprivation remedies. They finally assert that defendants' actions were unjustified, illegal, unreasonable, arbitrary, "conscience shocking" and that they constituted an abusive use of defendants' powers under color of law and authority. (Docket No. 1, ¶¶ 5.1–5.8)

## III. DISCUSSION

### A. *Motion to Dismiss Under Fed. R.Civ.P 12(b)(6)*

■ Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action against it, based solely on the pleadings, because of the plaintiff's "failure to state a claim upon which relief can be granted." In assessing a motion to dismiss, the court accepts "all well-pleaded facts as true," and draws "all reasonable inferences in favor of the [nonmovant]." *Wash. Legal Found. v. Mass. Bar Found.*, 993 F.2d 962, 971 (1st Cir.1993); *see also Coyne v. City of Somerville*, 972 F.2d 440, 442–43 (1st Cir.1992).

■ The court then determines whether the plaintiff has stated a claim under which relief can be granted. "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, —— U.S. ——, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007). To survive a motion to dismiss, a plaintiff must allege facts that demonstrate "a plausible entitlement to relief." *Rodriguez–Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 95 (1st Cir.2007) (*quoting Twombly*, 127 S.Ct. at 1967). The First Circuit Court of Appeals has interpreted *Twombly* as sounding the death knell for the oft-quoted language of *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Rodriguez–Ortiz*, 490 F.3d at 94–95. A court must, however, still "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." *Rumford Pharmacy, Inc. v. City of East Providence*, 970 F.2d 996, 997 (1st Cir.1992).

### B. *Municipality of Gurabo's Motion to Dismiss*

The Municipality of Gurabo contends that plaintiff's allegations against it should be dismissed because the complaint does not establish a direct link between the Municipality and the events on which the complaint is based. It further asserts that the complaint fails to allege an unconstitutional implementation or execution of a municipal custom, policy ordinance or regulation to support a section 1983 action.

■ Municipalities may be sued directly under section 1983 for monetary, declaratory, and injunctive relief. *Monell v. City of New York*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) For a municipality to be liable under section 1983, however, a plaintiff must prove that a municipal policy or custom was the "moving force [behind] the constitutional violation." *Id.*, at 690–691, 98 S.Ct. 2018. In other words, to establish liability against a municipality, a plaintiff must prove a deprivation of a constitutional right by means of "the execution of the

government policy or custom." *Id.*, at 690–694, 98 S.Ct. 2018; *see also Avlies Alicea v. Municipo De San Juan*, 519 F.Supp.2d 226, 229 (D.P.R.2007)

■ In addition, municipal liability attaches where the decision-maker possesses final authority to establish municipal policy with respect to the action ordered. Under Puerto Rico law, the actions of a mayor "constitute [ ] the official policy of the municipality." *Cordero v. De Jesus–Mendez*, 867 F.2d 1, 7 (1st Cir.1989). Therefore, a Puerto Rico municipality "is liable as a matter of law for an unconstitutional discharge of its municipal employees by the Mayor." *Id.; see also Avlies–Alicea*, 519 F.Supp.2d at 240.

■ In this case, plaintiffs have alleged that all defendants were policymakers and high ranking officials of the Municipality, and that they committed acts that constituted discriminatory treatment. A simple review of the complaint shows numerous and different allegations in which the plaintiffs clearly express that their constitutional rights were violated by all defendants, including the Municipality. For instance, plaintiffs allege that the acts complained of were authorized by the policy and practice of the Municipality of Gurabo (Docket No. 1, ¶ 4.10), and that the Municipality breached the terms and conditions of their employment contracts by firing some plaintiffs without justification, and forcing others to resign. (*Id.*, ¶¶ 4.11, 4.39, 4.52).

Thus, Rule 12(b)(6) does not mandate the dismissal of their claims. (Docket No. 31) Plaintiffs allegations, taken as true, give rise to claims that can potentially provide entitlement to relief against the Municipality. Accordingly, Defendant Municipality of Gurabo's motion to dismiss is **DENIED.**

■ Defendant Municipality also requests dismissal of plaintiffs claims under Puerto Rico law because complaints against the Municipality for damages are barred by the Puerto Rico Autonomous Municipalities Act (PRAMA). The PRAMA states that "a Municipality or its employees acting in their official capacity cannot be held liable in a claim for personal damages, where the alleged acts or omissions constitute discretionary functions, even when the public official commits an abuse of discretion." Autonomous Municipalities Act, P.R. Laws Ann. title 21 § 4705(b)(1991). This discretionary function exception was not designed to protect the government from liability, however, in all of those situations where its officials engage in ordinary discretionary functions. *See Juan Piñeiro Manzano v. Estado Libre Asociado de Puerto Rico*, 102 D.P.R. 795, 798 (1974). Rather, it applies when the officials perform discretionary functions that involve social and economic decisions that affect government programs or the basic norms of public policy. *Id.*, at 800. In its motion to dismiss, defendant fails to explain how the acts alleged by the plaintiffs in this case constitute the type of public policy protected by the exclusion established in the PRAMA. Accordingly, defendant's request to dismiss the plaintiffs' state law claims is also **DENIED.**

### III. CONCLUSION

Accordingly, Defendant's motion to dismiss (Docket No. 30) is hereby **DENIED.**

In addition, plaintiffs are ordered to **show cause,** on or before **June 20, 2008,** why their claims against defendants Rafael Rodriguez, Magali Roman–Castro and Merelyn Santiago, **in their official capacities,** should not be dismissed.

**IT IS SO ORDERED.**