216       76 Mass. App. Ct. 216 (2010)

Nordberg v. Department of Education.

PAUL C. NORDBERG *vs.* MASSACHUSETTS DEPARTMENT OF
EDUCATION & others.[1]

No. 08-P-2113.

Worcester. November 5, 2009. - January 29, 2010.

Present: TRAINOR, BROWN, & WOLOHOJIAN, JJ.

*Practice, Civil,* Motion to dismiss. *Massachusetts Tort Claims Act. Governmental Immunity. Commonwealth,* Education. *Education Reform Act. Waiver.*

In a Superior Court action involving claims by the plaintiff, a certified school business administrator, that he applied for positions in various school districts that were later awarded to other, uncertified applicants, after the Department of Education (department) granted waivers to those districts of a statutory requirement that school districts hire only certified school business administrators, the judge, in allowing the defendants' motion to dismiss, erred in ruling that the defendants (the Commonwealth and the department) were immune from suit on the ground that the plaintiff's claims were based on a discretionary function and, as such, were barred by the Massachusetts Tort Claims Act, G. L. c. 258, § 10(*b*), where, accepting the plaintiff's allegations as true, the department's waiver process was not discretionary but automatic, such that the department granted all waiver requests by school districts without evaluation or review [217-219]; further, the plaintiff's due process and equal protection claims that G. L. c. 71, § 38G, the licensing statute, was circumvented in some instances to reward friends or benefactors of the appointing authorities would represent an abuse of power that would shock the conscience [219].

CIVIL ACTION commenced in the Superior Court Department on August 28, 2007.

A motion to dismiss was heard by *Peter W. Agnes, Jr.,* J.

*Paul C. Nordberg,* pro se.

*Margaret J. Hurley,* Assistant Attorney General, for the defendants.

BROWN, J. The pro se plaintiff, Paul C. Nordberg, is certified

---

[1]Commonwealth of Massachusetts and David Driscoll, in his individual capacity.

by the Department of Education (DOE or department) as a school business administrator. The Education Reform Act of 1993 (the Act) provides that school districts may hire only "certified" school business administrators. See G. L. c. 71, § 38G, as amended through St. 1993, c. 495, § 26. The DOE commissioner, however, may grant one-year waivers of the certification requirement if a school district has established, "in the opinion of the commissioner," that compliance would be a "great hardship."

Nordberg's detailed amended complaint, filed against the DOE, the DOE commissioner in his individual capacity (commissioner), and the Commonwealth, alleged numerous specific instances in which he applied for particular positions that later went to uncertified applicants after a department waiver.[2]

The defendants filed a motion to dismiss the amended complaint, which was allowed. The motion judge ruled that the Commonwealth and the DOE were immune from suit, because claims asserted against both were based on a discretionary function, and, as such, were barred by the Massachusetts Tort Claims Act. See G. L. c. 258, § 10(*b*). The judge also ruled that the commissioner, as a public employee acting within the scope of his employment, was immune from personal liability pursuant to G. L. c. 258, § 2.[3] Nordberg has appealed from the judgment dismissing his complaint.

1. *Discretionary function exception.* On appeal, the government defendants maintain that the commissioner has complete discretion under the Act to determine whether compliance with the certification requirements would "constitute a great hardship." G. L. c. 71, § 38G.[4] They also argue that the Act and the regulations leave it entirely to the commissioner's discretion to determine whether a school district has demonstrated "a

---

[2]The plaintiff's amended complaint identifies some twenty-nine applications that he had submitted to various local and regional school districts for a school business administrator position.

[3]For all that appears, the department's motion was under the provisions of Mass.R.Civ.P. 12(b)(6), 365 Mass. 754 (1974).

[4]The pertinent language of § 38G provides: "[A] superintendent may upon request be exempt by the commissioner for any one school year from the requirement . . . to employ certified personnel when compliance therewith would in the opinion of the commissioner constitute a great hardship in securing teachers for that school district."

good-faith effort to hire licensed or certified personnel, and has been unable to find them." 603 Code Mass. Regs. § 7.14(13) (2007).

Nordberg avers, however, that the waiver process is automatic. According to his complaint, all that a school district needs to do to obtain a waiver is to submit a request, electronically, that certifies as to "hardship," and that all such requests are granted, again electronically, with no evaluation or review being conducted by the commissioner or by anyone else in the department.

The question, then, is whether such a process amounts to the exercise of discretion. We conclude that it does not. The Legislature has determined that the public is best served if school districts hire only school business administrators who have satisfied the requirements to become "certified." A school district may obtain a one-year waiver only if, "in the *opinion* of the commissioner" (emphasis added), compliance would be a "great hardship." G. L. c. 71, § 38G.

The defendants contend that they are entitled to discretionary immunity. Although such immunity is broad, it is not so broad as to include nondiscretionary functions. Here, accepting as true the allegations in Nordberg's well-pleaded complaint[5] for purposes of this rule 12(b)(6) motion, see *Nader* v. *Citron*, 372 Mass. 96 (1977), the commissioner — contrary to the mandate of the Legislature — divested himself of the discretion he was statutorily required to exercise in order to form an *opinion* as to whether to grant or deny a waiver. Discretion was neither exercised nor abused; it was extracted entirely from the process and set aside. In these circumstances, discretionary immunity does not apply because, at bottom, no discretion was involved. See, e.g., *United States* v. *Gaubert*, 499 U.S. 315, 325 (1991) ("[a] discretionary act is one that involves choice or judgment"). If, as Nordberg avers, all waiver requests were automatically granted electronically, we fail to see how such actions "involved the kind of policy judgment that the discretionary function exception was designed to shield." *Id.* at 332. The discretion that ought to be involved in deciding waivers entails "weighing

---

[5]The motion judge rejected one ground of the defendants' motion to dismiss, concluding the plaintiff's amended complaint was "sufficient" within the meaning of Mass.R.Civ.P. 8, 365 Mass. 749 (1974).

alternatives and making choices with respect to public policy and planning," as opposed to conduct that consists of "the carrying out of previously established policies or plans." *Harry Stoller & Co.* v. *Lowell*, 412 Mass. 139, 142 (1992), quoting from *Whitney* v. *Worcester*, 373 Mass. 208, 218 (1977).[6]

2. *Constitutional claims.* Nordberg's complaint also alleged due process and equal protection violations. The motion judge did not rule on these claims. Nordberg alleged that, in some instances, the licensing statute was circumvented in order that friends or benefactors of the appointing authorities could be rewarded. If the Act was systematically undermined for this purpose, such actions would represent an abuse of power that would "shock[] the conscience," see *Rochin* v. *California*, 342 U.S. 165, 172 (1952), and would be actionable. Compare *Coyne* v. *Somerville*, 972 F.2d 440 (1st Cir. 1992). Cf. *Kennie* v. *Natural Resource Dept. of Dennis*, 451 Mass. 754, 761-762 & nn.14 & 15 (2008).[7]

*Conclusion.* It was error to dismiss the plaintiff's complaint under the Massachusetts Tort Claims Act, based on the state of the pleadings in this action. Accepting the plaintiff's allegations as true, as is required by rule 12(b)(6), his complaint fairly states a claim upon which relief may be granted.[8,9] As to the constitutional claims, the matter must be remanded for con-

---

[6] We note in passing that if an administrator could permissibly delegate his authority to exercise discretion to a computer such a scenario would call for, upon review, a showing that the computer was capable of exercising the discretion with which it was vested, either rightly or wrongly; i.e., had the capacity or ability to make "choices," which is the essence of discretion. See *United States* v. *Gaubert*, 499 U.S. at 325.

[7] These allegations are also pertinent to consideration of Nordberg's complaint against Driscoll in his individual capacity. Cf. *Parker* v. *Chief Justice for Admn. & Mgmt. of the Trial Ct.*, 67 Mass. App. Ct. 174, 180 (2006).

[8] The defendants' claim that the DOE and the commissioner had no recognizable duty or power with respect to the internal hiring decisions of the school districts misses the mark.

[9] Review of this entire process gets "curiouser and curiouser" and brings to mind Lewis Carroll's Alice's Adventures in Wonderland, ch. 2, first par. (1865), in that, pursuant to the Act, the department requires prospective applicants to pursue a challenging regimen in order to attain certification, while it routinely waives that requirement for persons without certification. It is well to remember that "a good democratic government must be protected from within, as well as watched from without." *Lovell* v. *Superintendent, N. Cent. Correctional Inst.*, 26 Mass. App. Ct. 35, 41 (1988) (Brown, J., concurring).

sideration by the motion judge in the first instance. Accordingly, the judgment is reversed and the matter is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*